White v. Hampton.

---

## WHITE v. HAMPTON.

1. AMENDED ANSWER. Leave to file an amended answer includes leave to withdraw the original. An amended answer embracing the allegations of the original and additional matter, should be treated as a substitute for the original.

2. SWORN ANSWER: EFFECT OF WAIVER. The Code of 1851 does not deprive a defendant in Chancery of the right to answer under oath, even

when such answer is expressly waived by the plaintiff.   Section 1744
of the Code is to be deemed as applicable only to actions at law.

3. CHANCERY PRACTICE NOT REPEALED.   The well established rules of
chancery practice, when not repealed by legislation, are still in force
in this State.

4. SAME.   Where a respondent in chancery demurred to the complainant's
bill, and then filed an answer, not under oath, after which the demurrer
was overruled, whereupon he obtained leave to file an amended answer,
which was under oath, it was held that he did not waive his right to
file an amended answer under oath by 'the filing of the original.

5. SAME.   The Court may impose the terms upon which an annexed an-
swer may be filed.

6. *Armstrong* v. *Scott,* 2 G. Greene 433 and *Brink* v. *Morton,* 2 Iowa 411;
cited and re-affirmed; *Howard* v. *De France,* 4 Iowa 524, cited and held
inapplicable to this case.

*Appeal from Johnson District Court.*

SATURDAY, JUNE 25.

Bill in equity for an account.   The complainant's bill was
filed in September, 1856.   In December following, the re-
spondent filed a demurrer; and on the 2d of June, 1857, he
filed his answer to the bill, subject to the demurrer.   On the
14th of October, 1858, the demurrer to the bill was over-
ruled, and the respondent had leave to amend his answer;
which amendment he was ruled to file in thirty days from
the adjournment of the term.   This amended answer was
filed on the 20th of November, 1858, and was under oath.
The complainant moved to strike out the *jurat* to the amend-
ed answer, for the reasons:   *First*—That the complainant
had waived an answer under oath; and *Second*—That the
original answer was not sworn to.   The court ruled that as
to all new matter of the amended answer, the same should
be taken and deemed a sworn answer; and as to all matter
contained in the first answer, the *jurat* should be deemed
stricken out.   From this order, the respondent appeals.

*Templin & Fairall,* for the appellant cited the following
authorities, in support of the proposition, that defendant's an-
swer under oath should be considered as evidence in the

White v. Hampton.

case : *Armstrong* v. *Scott*, 3 G. Greene, 433 ; *Pearce* v. *Wilson*, 2 Iowa, 20; *Brink* v. *Morton*, Ib. 411 ; *Field* v. *Holland*, 6 Cranch 8; *Russel* v. *Clark*, 7 Ib. 69; *Jones* v. *Slubey*, 5 Har. & J. 372 ; *Ringgold* v. *Ringgold*, 1 Ib. 11 ; *Hardy* v. *Simmons*, 1 Gill. & John. 316; *Syrely* v. *Wheeler*, 3 Iredell Ch. 599; *Schwarz* v. *Wendell*, Walker Ch. Rep. 267; *Powell* v. *Powell*, 7 Ala. 582 ; *Raysdale* v. *Buford*, 3 Hay. 192; Story's Eq., Jur. sec. 1528; 1 Greenl. Ev. sec. 260; *Pollard* v. *Lyman*, 1 Day 150 ; *Dilley* v. *Barnard*, 3 Gill. & J. 170 ; *Jacks* v. *Nichols*, 1 Seld. 178.

*James Grant*, and *Clark & Brother*, for the appellees.

I. The principle that the answer to a bill cannot be over-thrown, except by two witnesses, or one witness, and corrob-orating circumstances, does not apply to the case of the execution of a written instrument.   Where that is admitted, or proved by the evidence of one witness, the denial of the answer is counteracted.   *Thomason* v. *Smithson*, 7 Porter ; *Schwarz* v. *Wendell*, Walker C. R.. 267.

II. Answers which set up new facts in discharge or avoid-ance of the matters of the bill, or allege separate agreements, independent of those charged in the bill, are not evidence for the defendent, but such allegations must be proved by facts *aliunde*.   *Randall* v. *Phillips*, 3 Mason 378; *Cannon* v. *Norton*, 14 Ver. 178; 15 Ib. 185 ; *Beckwith* v. *Butler*, 1 Wash. Va. 224; *Gardner* v. *Harden*, 12 Gill. & John. 365; *Salter* v. *Spier*, 1 Taylor, 318; *Johnson* v. *Pearson*, 1 Dev. Eq. 364; *Lucas* v. *Burk Danier*, 2 Stewart, 280 ; *Planter's Bank* v. *Stockman*, 1 Freeman, C. 502; *Locke* v. *Trotter*, 10 Yerg. 213 ; *Atwood* v. *Harrison*, 5 J. J. Marsh. 329 ; *Todd* v. *Sterrett*, 6 Ib. 425; *Lyon* v. *Respass*, Littell, R. 133; *Harris* v. *Carlyle*, 7 Ham. 2 part, 144; S. C. 12. Ohio 160 ; *Greene* v. *Vardiman*, 2 Black. 324; *Ringgold* v. *Ringgold*, 1 Harris & Gill, 12, 81, 82; *Hait* v. *Ten Eyeck*, John. Ch. 89.

STOCKTON, J.—The leave to file an amended answer, in-

cluded the right to withdraw the first. In this instance, the respondent did not ask leave to withdraw the original answer; but in so much as the amended answer covered the same ground, it is to be deemed a substitute for it, even though embracing additional matter.

The case involves the right of the respondent to put in a sworn answer, although a sworn answer may be waived by the complainant. As was held in the case of *Armstrong* v. *Scott*, 3 G. Greene 433, we are of opinion that it is the right of a respondent, in every chancery proceeding, to put in his answer under oath. Of this right, he has not been deprived by the Code. So far as the provisions of the Code authorize the plaintiff in his petition, at his option, to require the answer of the defendant to be given under oath, (sec. 1744) it is to be deemed applicable to actions at law alone. In all suits in chancery, the well established rules applicable to such proceedings, when not changed by legislation, must be considered as still in force.[1]

The case does not stand on the same ground as that of *De France* v. *Howard*, 4 Iowa, 524. In that case permission was refused the respondent to file an amended answer. He was considered as having waived his right to put in an answer under oath, by putting in an unsworn answer; and it was more than a year afterwards, that he asked to put in his answer under oath. In this case, it appears that the respondent asked and obtained leave to put in an amended answer, as soon as the demurrer to the bill was overruled. When this leave was granted, he had the same right to swear to his amended answer, as he had to swear to his answer in the first instance. He is not to be considered as having put in any answer, until the amended answer was filed. The Court might have refused permission to the defendant to amend his answer; or might have granted the permission on terms deemed proper. But when he had leave to file an amended answer, he had the right to put in an answer under oath. This

---

1. See *Sheppard* v. *Ford*, June Term, 1860, in which it is held that the Code provides a uniform system of practice, applicable to both law and equity.

was allowed in the case of *Brink* v. *Morton,* 2 Iowa, 411. The order and judgment of the District Court, striking out the *jurat* from respondent's answer is reversed, and the answer must be taken and considered as a sworn answer.

Judgment reversed.